**21SL-CC03549**

Electronically Filed - St Louis County - August 04, 2021 - 05:20 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| VALERIE HICKS, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>)<br>MENARD, INC )<br>)<br>Serve: )<br>)<br>Manager on duty )<br>11140 Saint Charles Rock Rd )<br>Saint Ann, MO 63074 )<br>)<br>Defendant. ) | Cause No.:<br><br>Div. No.:<br><br>**JURY TRIAL DEMANDED** |

**PETITION**

COMES NOW Plaintiff Valerie Hicks, and for her claim against Menard Inc., states as follows:

1.  Plaintiff was at all times relevant to this Petition a resident of St. Louis County, Missouri.

2.  Defendant Menard Inc. is an out-of-state corporation registered to do business in Missouri.

3.  Venue and jurisdiction are proper under RSMo §508.010 because this suit alleges a tort that took place at Defendant Menards' store located at 11140 Saint Charles Rock Rd, Saint Ann, MO 63074.

1

Electronically Filed - St Louis County - August 04, 2021 - 05:20 PM

**DEFENDANT MENARDS' BUSINESS PRACTICE**

4.  Retailers like Defendant Menards boost sales by managing shelf-space through store-level shelf management, what is sometimes referred to as micro-merchandising.[1]

5.  Micro-merchandising involves the implementation of store-specific merchandising and promotional tactics.

6.  Rapid developments in the efficient collection and analysis of sales data through UPC scanners make it economically feasible to measure and monitor heterogeneity in local area demand for specific consumer goods.

7.  Upon information and belief, this data is stored inside of customer databases maintained Defendant for the purpose of managing customer relationships.

8.  A typical large supermarket carries more than 45,000 different items or stocking keeping units (sku's) on an everyday basis.

9.  Each new product adoption is accompanied with uncertainty regarding the most appropriate location for its display and the optimal amount of shelf space to allocate.

10. Retailers want to maximize category sales and profits, regardless of brand identity; they must allocate a fixed amount of shelf space in the best possible way, even around front registers and customer assistance counters.

11. Changes in product space and location with stores can affect consumer attention; altering the visibility of a product through changes in location or directional facing influences the probability of purchase.

---

[1] See Exhibit A, Attached.

Electronically Filed - St Louis County - August 04, 2021 - 05:20 PM

12. Retailers like Defendant Menards utilize planograms to precisely model in advance how the placement of consumer goods within stores impacts consumer behavior and the elasticities associated with variances in product placement.

13. In particular, retailers like Defendant Menards maximize placement elasticity measured in terms of how allocation of one area of the store to a particular category of merchandise impacts net profitability of the store.

14. Consumer goods placements within stores are optimized on the basis of the relevant category of merchandise, e.g. hardware, lumber, paint, etc.

15. Some categories of consumer goods are purchased more or less frequently than other categories. For example, the consumer goods category that contains paint bucket sales will be impacted by consumer demand for paint buckets. That demand will occur more frequently than with respect to goods in another category, such as gardening. This is regardless of whether such paint buckets are actually being used for painting or for something else.

16. The optimization function for product placement at retail stores like the one operated by Defendant Menards does not take into account the risk of injury to customers, but rather only allocates placement on the basis of profitability.

## **PLAINTIFF VALERIE HICKS'S INJURY**

17. On or around November 4, 2018, Plaintiff Valerie Hicks, an interior designer and general contractor, was in the process of renovating her new house, located in Saint Louis County.

18. On or around November 4, 2018, Plaintiff Hicks travelled to the Menards Store located at 11140 Saint Charles Rock Rd, Saint Ann, MO 63074.

Electronically Filed - St Louis County - August 04, 2021 - 05:20 PM

19. On that day, Plaintiff intended to purchase some window replacement parts and other items at the same store.

20. Plaintiff found an employee of the Menards store, to whom she asked for assistance.

21. The employee walked her over to his computer in the paint department, by navigating around the paint counter to the computer.



22. After he found the particular items she was looking for in the store's computer system and where they were located within the store, he pointed in the direction that Plaintiff Hicks needed to go.

Electronically Filed - St Louis County - August 04, 2021 - 05:20 PM

23. Plaintiff looked in that direction and took a different path around the paint counter to head

there. As she walked around the counter, there were two 5-gallon paint buckets placed out

into the aisle

24. Plaintiff Hicks did not see the buckets placed out in the aisle, and as she was about to make

her way toward to windows section, she tripped and fell over them. When she fell, her legs

were knocked out from under her, and she landed on her wrist and elbow.



25. As a result of her fall, Plaintiff Hicks suffered serious injuries, including injury to both

hips, both legs, and throughout her left arm, ranging from the shoulder down to her wrist.

She has suffered medical bills in the past in order to treat her injury. Her injury is

permanent, and she will require additional medical care in the future. She has suffered lost

wages. She has further suffered mental stress and trauma as a result of her fall and injuries.

5

Electronically Filed - St Louis County - August 04, 2021 - 05:20 PM

## COUNT I: PREMISES LIABILITY AGAINST DEFENDANT MENARDS

COMES NOW Plaintiff Hicks, and for her claim of premises liability against

Defendant Menards, states as follows:

26. Plaintiff restates all of the other paragraphs of this petition here again.

27. On November 4, 2018, Plaintiff Hicks was on the subject property to purchase items for

    sale by Defendant Menards.

28. Defendant Menards had a duty to keep the premises in a reasonably safe condition so that

    members of the general public would not be injured.

29. Defendant Menards owed a duty to Plaintiff, as an invitee, to make safe or warn

    Plaintiff of any dangerous conditions on the property of which Defendant was aware.

30. On November 4, 2018 there existed a dangerous and defective condition in the aisle of the

    subject property, which was not reasonably safe in one or more of the following respects:

    a.     No member of Defendant Menards' staff reported to their supervisor regarding

           potential risk the placement of the paint buckets would cause;

    b.     No member of Defendant Menards' staff removed the paint buckets to allow safe

           walking;

    c.     The paint buckets were in an area that would expect a large amount of foot traffic

           from invitees like Plaintiff;

    d.     No warning was given to Plaintiff about the paint buckets.

    e.     Defendant was or had reason to be aware of similar instances where items were

           placed in the middle of an aisle, and someone accidently tripped over them as a

           result.

Electronically Filed - St Louis County - August 04, 2021 - 05:20 PM

31. The above described condition of the property was a dangerous condition created by Defendant and their agents.

32. Defendants, their agents, servants, and employees knew, or by using ordinary care could have known, of the dangerous and hazardous conditions of the subject property, and they created such foreseeable conditions.

33. Plaintiff's fall and subsequent injuries were a direct and proximate result of the negligence and carelessness of Defendants in one or more of the following respects:

    a.  Defendant failed to post or place warnings, barricades, or other protective devices to draw attention to the paint buckets to keep invitees like Plaintiff away from tripping over them;

    b.  Defendant failed to properly inspect, monitor, control, and/or maintain the aisles of the store;

    c.  Defendant failed to place the paint buckets in an area of the store where people would be less likely to walk by, trip, and suffer injury;

    d.  Defendant negligently placed the paint buckets in an area where Plaintiff did not and could not have seen it before falling;

    e.  Defendant failed to make the area reasonably safe;

    f.  Defendant failed to exercise reasonable care to protect its guests, including Plaintiff Hicks, from the dangerous condition;

    g.  Defendant failed to properly place warning signs so that Plaintiff, and others like her, would be made aware of the dangerous condition;

    h.  Defendant failed to use ordinary care to remove the hand cart; and,

    i.  Such further acts as may be revealed in discovery.

Electronically Filed - St Louis County - August 04, 2021 - 05:20 PM

34. As a direct and proximate result of Defendants' negligence, Plaintiff sustained severe and permanent injuries. These include injuries to her hip. Plaintiff suffered medical bills and costs relating to medical treatment for her injuries in the past and in the future. Plaintiff suffered pain and mental anguish in the past and will continue to do so in the future. Plaintiff lost wages and income in the past and will continue to do so in the future.

WHEREFORE, Plaintiff Hicks prays judgement against all Defendants, and each of them, jointly and severally, with all other Defendants for damages as follows:

    a.      For Actual Damages in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00) as is found fair and reasonable by a jury to compensate her for her injuries and damages;

    b.      For all other damages pled together with their costs and for such other relief as this Court deems just and proper under the circumstances.

WHEREFORE, Plaintiff, by and through counsel, prays for damages against Defendant Menards on all counts in excess of $25,000.00, for the costs of this action and for such other and further relief as the Court deems just and proper.

### COUNT II: NEGLIGENCE AGAINST DEFENDANT MENARDS

COMES NOW Plaintiff Hicks, and for her claim of premises liability against Defendant Menards, states as follows:

35. Plaintiff restates all of the other paragraphs of this petition here again.

36. On February 3, 2018 there existed a dangerous and defective condition in the aisle of the subject property, which was not reasonably safe in one or more of the following respects:

    a.      No member of Defendant Menards' staff reported to their supervisor regarding potential risk the placement of the paint buckets would cause;

Electronically Filed - St Louis County - August 04, 2021 - 05:20 PM

b.      No member of Defendant Menards' staff removed the paint buckets to allow safe walking;

c.      The paint buckets were in an area that would expect a large amount of foot traffic from invitees like Plaintiff;

d.      No warning was given to Plaintiff about the paint buckets;

e.      Defendant was aware of similar instances where items were placed in the middle of an aisle, and someone accidently tripped over them as a result.

37. Defendant Menards has a duty to reasonable care to maintain their property in a reasonably safe condition by identifying and repairing dangers on the premises.

38. Defendant Menards' business practice in optimizing store displays by placing paint buckets in the middle of an aisle of the store nearest to the customer service counter — an area where it is common for patrons and consumers to go in search for their shopping needs — subjects said patrons to a known risk.

39. The above-described condition of the property was a dangerous condition created by Defendant and their agents.

40. Defendants, their agents, servants, and employees knew, or by using ordinary care could have known, of the dangerous and hazardous conditions of the subject property, and they created such foreseeable conditions.

41. Plaintiff's fall and subsequent injuries were a direct and proximate result of the negligence and carelessness of Defendants in one or more of the following respects:

a.      Defendant placed products within their stores without taking into account the risk posed by directing patron traffic around the customer service counter within the paint section to get to other vicinities within the store.

Electronically Filed - St Louis County - August 04, 2021 - 05:20 PM

42. Defendant's routine business practice for maximizing product placements grants them actual knowledge of the risk posed by a particular placement.

43. Defendant knowingly subjects their patrons to increased risk for profit by directing patrons in this manner. Defendant's practice intentionally harms patrons like Plaintiff.

44. As a direct and proximate result of Defendants' negligence, Plaintiff sustained severe and permanent injuries. These include injuries to her hip. Plaintiff suffered medical bills and costs relating to medical treatment for her injuries in the past and in the future. Plaintiff suffered pain and mental anguish in the past and will continue to do so in the future. Plaintiff lost wages and income in the past and will continue to do so in the future.

WHEREFORE, Plaintiff Hicks prays judgement against all Defendants, and each of them, jointly and severally, with all other Defendants for damages as follows:

    a.      For Actual Damages in a sum in excess of Twenty-Five Thousand Dollars ($ 25,000.00) as is found fair and reasonable by a jury to compensate her for her injuries and damages;

    b.      For Punitive Damages to deter similar conduct in the future.

    c.      For all other damages pled together with their costs and for such other relief as this Court deems just and proper under the circumstances.

WHEREFORE, Plaintiff, by and through counsel, prays for damages against Defendant Menards on all counts in excess of $25,000.00, for the costs of this action and for such other and further relief as the Court deems just and proper.

Electronically Filed - St Louis County - August 04, 2021 - 05:20 PM

## COUNT III: NEGLIGENT HIRING AND SUPERVISION AGAINST DEFENDANT

## MENARDS

COMES NOW Plaintiff Hicks, and for her claim for negligent hiring and supervision against Defendant Menards, states as follows:

45. Plaintiff adopts and restates all preceding paragraphs as if set for fully here again.

46. Defendant Menards was further negligent in the following manners and particulars:

    a.      They failed to make a reasonable inquiry as to each of their employee's competence to safely take, prepare, and serve orders, or manage others doing those jobs;

    b.      They failed to adopt safe, reasonable, and adequate practices as to product placement, customer traffic flow, and incident reporting.

    c.      They selected an incompetent and unfit staff member;

    d.      They failed to select a competent and fit staff member;

    e.      They hired and retained an inadequately trained and incompetent staff member.

47. Defendant Menards owed the general public, including Plaintiff, a duty to determine the qualification of its agents, servants and employees, including but not limited to:

    a.      Adequately evaluating applicants before hiring them as drivers and agents, servants and employees; and,

    b.      Adequately training and supervising said agents, servants, and employees, and

    c.      Adequately evaluating these employees' job performance so as to discharge any incompetent or negligent employee before they injured the public.

Electronically Filed - St Louis County - August 04, 2021 - 05:20 PM

       d.      Adequately implementing proper product placement and consumer traffic measures, despite their company's disintegrating reputation due premise liability incidents, both in and outside Saint Louis County.[1]

48. It was the duty of Menards to exercise ordinary care not to hire or retain an employee that Menards knew or should have known posed a risk of harm to others where it is reasonably foreseeable that a customer would trip over an item or object in the middle of a store aisle.

49. As a direct and proximate result of the negligence of Menards' employees, Plaintiff suffered serious injuries.

50. Plaintiff has suffered substantial damages, including but not limited to past and future medical bills, past and future lost wages, and past and future pain and suffering.

51. Plaintiff has issued contemporaneously with service of this Petition a pre-judgement interest demand that has not yet been fulfilled.

WHEREFORE, Plaintiff Hicks prays judgement against all Defendants, and each of them, jointly and severally, with all other Defendants for damages as follows:

       a.      For Actual Damages in a sum in excess of Twenty-Five Thousand Dollars ($ 25,000.00) as is found fair and reasonable by a jury to compensate her for her injuries and damages;

       b.      For Aggravated Damages (Punitive Damages) or damages for the aggravating circumstances as will serve to punish and deter Defendants from future wrongdoing;

---

[1] *See e.g.* Memorandum & Order, Seay v. Menard, Inc., 1:17-cv-07047 (N.D. Ill. 2018); Opinion & Order, Ochoa v. Menard, Inc., No. l6-cv-6922 (N.D. Ill. 2017); Opinion & Order, Bailey v. Menard, Inc., No. 1:18-cv-00065-JAR (E.D. Mo. 2019); Savannah Howe, *Personal Injury Payback Demanded From Menards by Woman Who Trips on Escalator,* ST. LOUIS REC. (Apr. 5, 2021), https://stlrecord.com/stories/584600282-personal-injury-payback-demanded-from-menards-by-woman-who-trips-on-escalator.

Electronically Filed - St Louis County - August 04, 2021 - 05:20 PM

c.      For Missouri prejudgment interest; and,

d.      For all other damages pled together with their costs and for such other relief as this

Court deems just and proper under the circumstances.


                                  Respectfully submitted,

                          **OTT LAW FIRM**


                          _____
                          Joseph A. Ott, #67889
                          Mark E. Blankenship Jr., #73123
                          3407 S. Jefferson Avenue Ste 508
                          St. Louis, MO 63118
                          Telephone:  (314) 293-3756
                          Facsimile:   (314) 228-0021
                          joe@ott.law
                          mark@ott.law
                          *Attorneys for Plaintiff*